**Rafael Ramirez SALAZAR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71327.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007 *.

Filed Dec. 28, 2007.

Rafael Ramirez Salazar, Perris, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., Stacy S. Paddack, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

MEMORANDUM **

Rafael Ramirez Salazar petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *see Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we dismiss in part and deny in part the petition for review.

The evidence Ramirez Salazar presented with his motion to reopen concerned the same hardship grounds as his application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its prior discretionary determination that he failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen "where the question presented is essentially the same discretionary [hardship] issue originally decided.").

In his opening brief, Ramirez Salazar does not challenge the BIA's determination that his motion was untimely to the extent it sought reconsideration. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding issues which are not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

